No. 24-12823-D

---

UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

---

JENNIFER SMITH,
Plaintiff-Appellant,

v.

FLORIDA AGRICULTURAL & MECHANICAL UNIVERSITY
BOARD OF TRUSTEES, et al.
Defendant-Appellee.

Appeal from the United States District Courts for the
Middle District of Florida Case No. 6:24-cv-457-PGB-RMN
Northern District of Florida Case No. 4:24cv367-MW-MAF

---

**APPELLEE'S ANSWER BRIEF**

---

*/s/ Teresa Cooper Ward*
Teresa Cooper Ward, Esq.
Florida Bar Number: 343692
Maria A. Santoro, Esq.
Florida Bar Number: 654809
msantoro@sniffenlaw.com
tward@sniffenlaw.com
jlunt@sniffenlaw.com

**SNIFFEN & SPELLMAN, P.A.**
123 North Monroe Street
Tallahassee, Florida 32301
Telephone: (850) 205-1996
*Counsel for Florida A&M University*
*Board of Trustees*

## CERTIFICATE OF INTERESTED PERSONS AND
## CORPORATE DISCLOSURE STATEMENT

In compliance with Fed. R. App. P 26.1 and 11th Cir. R. 26.1, Appellee Florida Agricultural & Mechanical University Board of Trustees ("FAMU" or "FAMU BOT"), a governmental organization, by and through its undersigned counsel, hereby discloses all trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this appeal:

1. Baker, La'Tonya, Director of Compliance, Chief Privacy Officer for Appellee FAMU;

2. Byron, The Honorable Paul G., United States District Judge for the Middle District of Florida, Orlando Division;

3. Calhoun, Rica, Chief Compliance and Ethics Officer for Appellee FAMU;

4. Fitzpatrick, The Honorable Martin A., United States Magistrate Judge for the Northern District of Florida, Tallahassee Division;

5. Florida A&M University Board of Trustees, Appellee:

   a. Brown, Jamal A., Ph. D.,

   b. Cliatt, Otis, II,

   c. Crossman, John,

   d. Figgers, Natlie G., J. D.,

**CERTIFICATE OF INTERESTED PERSONS AND
CORPORATE DISCLOSURE STATEMENT**

    e.  Gibbons, Deveron, J. D.,

    f.  Harper, Kristin,

    g.  Lawson, Kelvin,

    h.  May, Loryn,

    i.  Perry, Belvin, Jr., J.D.,

    j.  Reed, Craig, MBA,

    k.  Stone, Kenward, MBA,

    l.  Washington, Nicole, MA, and

    m. White, Michael;

6.    Gray Robinson, P.A., former counsel for Appellee FAMU;

7.    Howard, Cecil, J.D., Associate Provost for Academic Programs, and Interim Dean of the College of Law for Appellee FAMU;

8.    Mitchell, Richard E., Esq., former counsel for Appellee FAMU;

9.    Norway, The Honorable Robert M., United States Magistrate Judge for the Middle District of Florida, Orlando Division;

10.  Reiner, Sarah, Esq., former counsel for Appellee FAMU;

11.  Santoro, Maria A., Esq., counsel for Appellee FAMU;

**CERTIFICATE OF INTERESTED PERSONS AND
CORPORATE DISCLOSURE STATEMENT**

12. Scott, Latrecha K., Ph.D., Director of Equal Opportunity Programs and Labor Relations/Title IX for Appellee FAMU;

13. Smith, Jennifer, Esq., Appellant;

14. Sniffen & Spellman, P.A., counsel for Appellee FAMU;

15. Walker, The Honorable Mark E., Chief United States District Judge for the Northern District of Florida, Tallahassee Division;

16. Wallace, D. Denise, J.D., Ph.D., Vice President and General Counsel for Appellee FAMU;

17. Ward, Teresa Cooper, Esq., counsel for Appellee FAMU;

18. Watson, Allyson L., Ph.D., Provost and Vice President for Academic Affairs for Appellee FAMU; and

19. Zolty, Julie, Esq., former counsel for Appellee FAMU.

The undersigned further certifies that no publicly traded company or corporation has an interest in the outcome of this appeal.

**STATEMENT REGARDING ORAL ARGUMENT**

Appellee, Florida Agricultural & Mechanical University Board of Trustees ("FAMU"), believes that the issues under consideration are well settled and are susceptible to resolution without oral argument. Nevertheless, FAMU does not object to Appellant Smith's request for oral argument.

# TABLE OF CONTENTS

Certificate of Interested Persons and Corporate Disclosure Statement ................C-1

Statement Regarding Oral Argument .................................................................. i

Table of Contents.............................................................................................. ii

Table of Citations ............................................................................................ iii

Jurisdictional Statement....................................................................................vi

Statement of the Issues......................................................................................1

Statement of the Case........................................................................................2

Summary of the Argument.................................................................................9

Argument and Citations of Authority ..............................................................10

      I.     The district court's denial of the plaintiff's Motion for Preliminary Injunction was not an abuse of the court's discretion........................10

            A. The district court did not make erroneous findings of fact. ..........12

            B. The district court applied the law properly...................................15

      II.    The Order on appeal should be affirmed because the required elements were not established ........................................................................15

Conclusion......................................................................................................19

Certificate of Compliance ...............................................................................21

Certificate of Service ......................................................................................22

# TABLE OF CITATIONS

**Cases**

*United Kingdom v. United States,*
    238 F.3d 1312 (11th Cir. 2001) .......................................................11

*ACLU of Fla., Inc .v. Miami-Dade Cnty. Sch. Bd.,*
    557 F.3d 1177 (11th Cir. 2009) .......................................................15

*Aldana v. Del Monte Fresh Produce N.A., Inc.,*
    578 F.3d 1283 (11th Cir. 2009) .......................................................12

*Assaf v. Univ. of Texas System,*
    399 F. Supp. 1245 (S.D. Tex. 1975) ...............................................18

*Baker v. Buckeye Cellulose Corp.,*
    856 F.2d 167 (11th Cir. 1988) .........................................................16

*Blaine v. N. Brevard Cnty. Hosp. Div.,*
    312 F. Supp. 3d 1295 (M.D. Fla. 2018) ..........................................19

*Blue-Grace Logistics LLC v. Fahey,*
    340 F.R.D.460 (M.D. Fla. Feb. 7, 2022) .........................................18

*Equal Employment Opportunity Commission v. STME, LLC,*
    938 F.3d 1305 (11th Cir. 2019) .......................................................14

*Federal Trade Commission v. WV Universal Management,*
    *LLC*, 877 F.3d 1234 (11th Cir. 2017) ..............................................11

*Gray ex rel. Alexander v. Bostic,*
    613 F.3d 1035 (11th Cir. 2010) .......................................................11

*Haney v. Mizell Mem'l Hosp.,*
    744 F.2d 1467 (11th Cir. 1984) .......................................................14

*In re Clerici,*
    481 F.3d 1324 (11th Cir. 2007) .......................................................11

*Leigh v. Artis-Naples, Inc.*,
  2022 WL 18027780 (M.D. Fla. Dec. 30, 2022)..................................................17

*McDonald's Corp. v. Robertson*,
  147 F.3d 1301 (11th Cir. 1998)..........................................................................16

*McMahan v. Toto,*
  256 F.3d 1120 (11th Cir. 2001)..........................................................................12

*Mitsubishi Intern. Corp. v. Cardinal Textile Sales, Inc.*,
  14 F.3d 1507 (11th Cir. 1994)......................................................................10, 11

*Oviedo Med. Ctr., LLC v. Adventist Health Sys./Sunbelt, Inc. Sys./Sunbelt, Inc.*,
  2019 WL 7423546 (M.D. Fla. Oct. 15, 2019) ....................................................18

*Palmer v. Braun*,
  287 F.3d 1325 (11th Cir. 2002)..........................................................................15

*Piper Aircraft Co. v. Reyno*,
  454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981) .......................................11

*Siegel v. LePore*,
  234 F.3d 1163 (11th Cir. 2000)....................................................................16, 18

*Smith v. Fla. Agricultural & Mechanical University Board of Trustees*,
  2024 WL 4008150 (M.D. Fla. Aug. 30, 2024).....................................................16

*Smith v. Fla. Agricultural & Mechanical University Board of Trustees*,
  2019 WL 12317725 (N.D. Fla. June 2, 2019)........................................................4

*Smith v. Fla. Agricultural and Mechanical University Board of Trustees*,
  687 Fed.Appx. 888 (11th Cir. 2017).....................................................................4

*Smith v. Neurointernational Healthcare, LLC*,
  707 F.Supp.3d 1266 (M.D. Fla. Dec. 19, 2023)..................................................13

*Storves v. Island Water Ass'n, Inc.*,
  2010 WL 11622686 (M.D. Fla. Nov. 3, 2010) .....................................................18

*Suntrust Bank v. Houghton Mifflin Co.*,
   268 F.3d 1257 (11th Cir. 2001)........................................................15

*United States v. Frazier*,
   387 F.3d 1244 (11th Cir. 2004)........................................................11

*Williams v. American Tel. and Tel. Co.*,
   134 F.R.D. 302 (M.D. Fla. Feb. 5, 1991)..........................................12

*Yellow Pages Photos, Inc. v. Ziplocal, LP*,
   846 F.3d 1159 (11th Cir. 2017).........................................................11

**Statutes**

28 U.S.C. §§1331................................................................................ vi

28 U.S.C. §§1367................................................................................ vi

28 U.S.C. §1292(a)(1).......................................................................... vi

29 U.S.C. 2601, et seq..........................................................................4

42 U.S.C. 2000e, et seq.......................................................................15

**Rules**

Fed. R. App. P 26.1 ........................................................................... C1

Fed. R. Civ. P. 15(c) ...........................................................................13

**Treatises**

36 C.J.S. Federal Courts § 616....................................................... 13, 14

**Regulations**

FAMU Regulation 1.019(21) ...............................................................6

FAMU Regulation 10.120.....................................................................7

## JURISDICTIONAL STATEMENT

On August 30, 2024, the Middle District denied Plaintiff's Time-Sensitive Motion for Preliminary Injunction ("MPI") and Plaintiff's Motion for Oral Argument and Evidentiary Hearing. [App 739].

This court has jurisdiction pursuant to 28 U.S.C. §1292(a)(1) granting the courts of appeals jurisdiction of appeals from interlocutory orders of the district courts of the United States.

The United States District Court for the Middle District of Florida had subject matter jurisdiction over the proceeding giving rise to this appeal pursuant to 28 U.S.C. §§1331 giving the district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," and 28 U.S.C. §§1367 giving the district courts jurisdiction over related claims. The case number assigned in the Middle District was 6:24-cv-457-PGB-RMN.

On September 3, 2024, Plaintiff/Appellant Jennifer Smith filed a timely notice of appeal in the Middle District. [App 751].

On September 11, 2024, the Middle District granted Defendant's Motion to Transfer Venue, and the case was transferred to the United States District Court for the Northern District of Florida. It was assigned Case No. 4:24cv367-MW-MAF. [App 754]. As a result, the Order on appeal was rendered in the Middle District but the case has been transferred to the Northern District of Florida.

**STATEMENT OF THE ISSUES**

I.      The district court's denial of Appellant Smith's Time-Sensitive Motion for Preliminary Injunction was not an abuse of the court's discretion.

      A.  The district court did not make erroneous findings of fact.

      B.  The district court applied the law properly.

II.     The Order on appeal should be affirmed because the required elements were not established in Plaintiff's Time-Sensitive Motion for Preliminary Injunction.

# STATEMENT OF THE CASE

The pleadings in the district court case are extensive, complex, and confusing. Appellant Jennifer Smith ("Smith") was a professor of civil procedure. Despite her area of expertise, the state of the docket, due to Smith's numerous unsuccessful attempts to amend the complaint, her pursuit of discovery in the absence of any complaint at all, and her efforts to seek reinstatement through injunction is such that after 194 docket entries, FAMU has yet to file an answer. [Apps 7-30; 468; *See, eg.*, Docs. 72, 72-1, 81, 84, 85, 112, 132, 133]. Nor is one yet required.

As to this appeal, the only appropriate documents for review are three - the underlying Time-Sensitive Motion for Preliminary Injunction ("MPI"), FAMU's timely response, and the Order denying the motion. [Apps 151, 446, 739].

On the day the MPI was filed, a Corrected Second Amended Complaint ("CSAC"), was accepted as the operative pleading, but was stricken two weeks later, on July 24, 2024. [1] [Apps 18, 22, 84; Docs. 84, 85, 112, 132, 165]. Thus, the First Amended Complaint ("FAC") was the operative complaint at the time the MPI was filed.

Smith sought and was granted leave to file the stricken Corrected Second

---

[1] The Motion to Strike included both the Second Amended Complaint [App 18 - Doc. 82], and the Corrected Second Amended Complaint [App 18 - Doc. 84] since both were amended pleadings filed without leave of court. *See* App 20 - Doc. 112 for arguments.

Amended Complaint again. [App 461, App 471]. FAMU responded with a Motion for More Definite Statement filed in the Middle District. [App 26 - Docs. 160, 186, 192]. FAMU also filed a Motion to Transfer Venue since the previous two cases Smith had filed against FAMU were heard in the Northern District of Florida. [App 26 - Doc. 161]. FAMU's Motion to Transfer Venue was granted in the Middle District. [App 764]. The case was transferred to the Northern District on September 11, 2024. [App 28 - Doc. 179].

FAMU's Motion for More Definite Statement was granted by the magistrate in the Northern District. [App 28 - Doc. 186]. The Honorable Mark Walker vacated the magistrate's Order for consideration after this appeal. [App 28, 29 - Docs. 186, 192].

Like this record, the history between the parties is long. Smith became employed by the University's College of Law as a visiting professor in 2004. [App 472, 477, ¶17]. She ended her stay at FAMU as a tenured full professor.

Smith taught civil procedure. [App 472, 489 ¶59].

This is the plaintiff's third lawsuit against the University alleging violation of the Equal Pay Act. [App 10 - Doc. 17]. In Smith's first suit she was represented by Richard E. Johnson of Tallahassee. The first suit resulted in a jury of twelve finding that Smith was paid less than her comparator, but the reasons were not discriminatory. *Smith v. Fla. Agricultural and Mechanical University Board of*

*Trustees*, 687 Fed.Appx. 888 (11th Cir. 2017). Smith appealed, claiming fraud on the court. The verdict was affirmed by the Eleventh Circuit which found there was no fraud on the court. *Id.*

Smith sued again in 2018. Smith was represented in that case by her brother, Stephen M. Smith of New Orleans. Smith's second case resulted in a summary judgment in favor of FAMU, Judge Robert Hinkle finding that Smith had suffered no pay disparity due to discrimination. *Smith v. Florida Agricultural & Mechanical University Board of Trustee*s, 2019 WL 12317725 (N.D. Fla. June 2, 2019). Smith claimed (and continues to claim) that salary adjustments made in 2016 promised her $138,000 annually while she was instead paid $125,000. Judge Hinkle *and* this court rejected Smith's claim that she was entitled to the higher sum and further rejected the claim that her salary was the result of discrimination or retaliation. *Id*. at 2; *Smith v. Fla. A & M University Board of Trustees*, 831 Fed.Appx. 434, 441 (11th Cir. 2020). [App 67].

In the instant case, Smith represents herself.

In July of 2021, the University hired Professor Ewanrinareto "Areto" Imoukhuede to serve at the College of Law, offering him $25,000 more annually than Smith. [App 480, ¶29]. In the fall of 2021 Smith filed charges against FAMU with the Department of Labor, claiming 29 U.S.C. 2601, et seq. ("FMLA") violations. [Apps 734, 735].

By letter dated May 9, 2022, Smith again complained about her salary, this time to the President of the University. [App 481]. She also filed an internal charge with the Equal Opportunity Programs Office of the University ("EOP") on June 28, 2022. FAMU investigated, finding, not surprisingly, that no discrimination had occurred. [App 482; ¶¶39, 40]. Undeterred, Smith filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on October 18, 2022. [App 482, ¶41].

Two days after filing the EEOC charge, on October 20, 2022, Smith had a hostile encounter with a student. Smith texted Associate Dean Reginald Green about the incident. [App 482; ¶¶42, 43]. Green responded and visited the scene (which Smith had left) and unsuccessfully attempted to identify the student involved. [App 594]. On October 27, 2022, the student filed an ethics complaint against Smith. [App 583]. The student's charge was investigated by the Office of Compliance and Ethics ("OCE"). *Id.*

On February 1, 2023, Smith was interviewed by OCE, and on March 9, 2023, Smith filed a hotline charge of her own against the student, based upon the same incident. [Apps 585 -587, 592 - 594].[2] While Smith characterizes her retaliatory complaint as a continuation of her text to Dean Green, OCE determined that

---

[2] Smith's hotline charge was not ignored as represented in the CSAC and in the Appellant's Brief. [App 491 ¶67; Appellants' Brief, p. 22].

explanation to be unreasonable. *Id.* OCE concluded that Smith's charge was retaliatory. [App 596]. OCE also determined that Smith had filed her own charge so that the student would be obligated to report it on her application to the Florida Bar. The University found that Smith had violated FAMU Regulations governing professional conduct outlined in FAMU Reg. 1.019(21). [App 578].

On July 25, 2023, Smith received a "Right to Sue" letter from the EEOC. [App 497 ¶85].

On October 17, 2023, Smith filed this action in the Circuit Court of Orange County, Florida. [App 9 - Doc. 1-5, p. 2]. FAMU was not served, however, for over three months, or until February of 2024.[3] [App 9 - Doc. 1-5].

On December 5, 2023, (prior to service on FAMU) Allyson Watson, Provost, sent Smith a "Notice of Intent to Dismiss from Employment." [App 492, 578]. The letter cited the substantiated finding of retaliation by the OCE, identified FAMU Regulation 1.019(21)[4] defining and prohibiting retaliation, and included a copy of the OCE Reports. It further explained Smith's rights as a tenured professor, the right

---

[3] Ultimately that service was quashed. [Apps 9, 13, 15 - Docs. 1-5, 40, 60].
[4] "Retaliation. Members of the University community are prohibited from engaging in retaliation against another for reporting compliance or ethics related concerns or participating in an investigation due to such reports. Findings of retaliation are independent of the underlying claim of violation and will result in disciplinary action, up to and including termination, in accordance with applicable University regulations, policies, and collective bargaining agreements." FAMU Reg. 1.019(21). This regulation is easily accessible on the internet.

to an explanation of the reasons for the decision, and an opportunity to be heard by a review panel. *Id.*

On January 11, 2024, Smith met with a review panel pursuant to University Regulation 10.120 as provided in the letter. [App 503 ¶110]. On January 12, 2024, the review panel recommended that the "Notice of Intent to Dismiss from Employment" dated December 5, 2023, be rescinded. [App 503 ¶112].

On January 23, 2024, the Provost issued Smith a second "Notice of Dismissal of Employment" making her termination from employment effective January 30, 2024. [App 503 ¶119].

On January 29, 2024, not yet having served FAMU with process, Smith filed the First Amended Complaint in the state court action and an *ex parte* Emergency Motion for Temporary Restraining Order and Preliminary Injunctive Relief for reinstatement. [App 61]. The Motion was denied. *Id.* Smith appealed. [App 9 - Doc. 1-6, p. 81].

Smith secured a clerk's default in the Orange County Circuit Court. [App 9 - Doc. 1-6, p. 95]. FAMU removed the case from the state court to the Middle District on March 4, 2024, then moved to quash service and to set aside the default. [Apps 9, 10 - Docs. 1-1, 22].

While the Motion to Quash was pending, Smith again moved for default, this time in the Middle District. [App 12 - Doc. 33]. The motion was denied. [App 12

- Doc. 35]. FAMU's Motion to Quash Service of Process was granted, the Orange County Clerk's Default was set aside, and FAMU accepted service of process. [App 13, 15, 16 - Docs. 40, 60, 62].

Meanwhile, on March 6, 2024, two days after removal, Smith filed another Emergency Motion for Temporary Restraining Order and Preliminary Injunctive Relief in the Middle District, again seeking reinstatement. [App 9 - Doc. 6]. On March 8, 2024, the motion was denied without a response from FAMU. [App 9 - Doc. 10].

On March 11, 2024, Smith filed yet another Motion for Preliminary Injunction seeking reinstatement. [App 10 - Doc. 11]. FAMU responded, pointing out procedural defects in the motion. [App 394]. On March 29, 2024, the motion was stricken for failure to conform to the rules. [App 12 - Doc. 34].

On April 1, 2024, Smith filed still another Motion for Preliminary Injunction seeking reinstatement. [App 13 - Doc. 37]. FAMU responded. [App 412]. The court found the motion to be moot since Smith had moved to amend the complaint for a second time. [App 18 - Doc. 82].

On July 10, 2024, Smith filed the subject Time-Sensitive Motion for Preliminary Injunction ("MPI"), again seeking reinstatement. [App 150]. On July 22, 2024, FAMU timely responded. [App 446]. On August 30, 2024, the Middle District entered its Order denying the MPI. [App 739]. On September 3, 2024,

Notice of Appeal was filed in the Middle District of Florida.  [App 751].

On September 11, 2024, and on FAMU's motion, venue was transferred to the Northern District of Florida.  [App 764].

## SUMMARY OF THE ARGUMENT

Smith sought reinstatement to employment via her Time-Sensitive Motion for Preliminary Injunction.  The motion was denied by the Middle District of Florida. The court found that the required element of irreparable harm had not been established.

The standard of review is whether the district court abused its discretion.  There was no abuse of discretion since the court did not make erroneous findings of fact and correctly applied the law.  Reference by the court to the First Amended Complaint as the operative pleading is both accurate and immaterial to the result.

In the absence of clear error, the decision of the district court is entitled to deference by this court even if this court might have found differently.

The Time-Sensitive Motion for Preliminary Injunction failed to establish, and Smith is not entitled to, a presumption of irreparable harm.  The operative complaint at the time of filing the MPI was the FAC.  The Corrected Second Amended Complaint ("CSAC"), containing a new Title VII claim, was filed after the Time-Sensitive Motion.  Smith has not argued that the CSAC relates back, predating the Time-Sensitive Motion, nor would that argument be viable since it adds new and

different claims.

Smith has been terminated and therefore is not entitled to a presumption of irreparable harm despite her new Title VII claim, since there is no possibility of continuing discriminatory acts and her damages, if any, are monetary.

Finally, Smith's reinstatement would not serve the public interest.

Having failed to establish essential elements required for entry of a temporary injunction, the district court was correct in denying Smith's Time-Sensitive Motion for Preliminary Injunction, and its decision should be affirmed by this court.

## ARGUMENT AND CITATIONS OF AUTHORITY

I.     **The district court's denial of Plaintiff's Time-Sensitive Motion for Preliminary Injunction was not an abuse of discretion.**

The standard of review for this court to examine the decision of the district is whether there was an abuse of discretion. "We review a district court's denial of a preliminary injunction under an abuse of discretion standard." *Mitsubishi Intern. Corp. v. Cardinal Textile Sales, Inc.*, 14 F.3d 1507, 1517 (11th Cir. 1994). Using that standard, the district court's decision should be affirmed.

The district court abuses its discretion when it fails to follow the law or makes a clearly erroneous finding of fact, neither of which applies here.

> An abuse of discretion occurs when a district court commits a clear error of judgment, fails to follow the proper legal standard or process for making a determination, or relies on clearly erroneous findings of fact. *See, e.g., Gray ex rel. Alexander v. Bostic*, 613 F.3d 1035, 1039 (11th Cir. 2010). This standard necessarily implies a range of choices, and we

will affirm even if "we would have decided the other way if it had been our choice." *Id.*

*Yellow Pages Photos, Inc. v. Ziplocal, LP*, 846 F.3d 1159, 1163 (11th Cir. 2017).

> An abuse of discretion occurs if the judge fails to apply the proper legal standard or to follow proper procedures in making the determination, or bases an award upon findings of fact that are clearly erroneous.

*Federal Trade Commission v. WV Universal Management, LLC*, 877 F.3d 1234, 1239 (11th Cir. 2017).

Moreover, this court "may affirm the district court's judgment on any ground that appears in the record, whether or not that ground was relied upon or even considered by the court below." *Mitsubishi* at 1517.

Last, in the absence of a clearly erroneous finding of material fact or a misapplication of the law, the findings and conclusions of the district court are entitled to deference by this court, even if it disagrees.

> [I]t is well settled that abuse of discretion review is "extremely limited" and "highly deferential." *In re Clerici,* 481 F.3d 1324, 1331 (11th Cir. 2007) (*United Kingdom v. United States,* 238 F.3d 1312, 1319 (11th Cir. 2001)); *see also Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 257, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981) ("[W]here the court has considered all relevant public and private interest factors, and where its balancing of these factors is reasonable, its decision deserves substantial deference.").

> Thus, when we employ the abuse of discretion standard, "we must affirm unless we find that the district court has made a clear error of judgment, or has applied the wrong legal standard." *United States v. Frazier,* 387 F.3d 1244, 1259 (11th Cir. 2004) (*en banc*). Notably, abuse of discretion review acknowledges that "there is a range of choice for the district court and so long as its decision does not amount to a clear error of judgment we will not reverse even if we would have gone the

other way had the choice been ours to make." *McMahan v. Toto,* 256
F.3d 1120, 1128 (11th Cir. 2001).

*Aldana v. Del Monte Fresh Produce N.A., Inc.*, 578 F.3d 1283, 1288 (11th Cir.
2009).

**A. The district court did not make any erroneous findings of fact.**

Smith argues that the district court incorrectly identified the First Amended
Complaint as the operative pleading in its opinion. The district court was correct.

The court states at page 7 that "When the Plaintiff filed the instant Motion for
Preliminary Injunction, the operative pleading was the First Amended Complaint."
[Doc. 164, p. 7].

An understanding of the sequence of events is critical to affirming the district
court's statement. Smith's Time-Sensitive Motion for Injunction and the district
court's acceptance of the Corrected Second Amended Complaint were filed the same
day, July 10, 2024, but the CSAC was later stricken. [Apps 18, 20, 23 - Docs. 84,
85, 112, 132]. The First Amended Complaint was the operative complaint at the
time of the filing of the MPI since the CSAC was properly stricken and should be
treated as if it were not filed at all until properly filed. *Williams v. American Tel. and
Tel. Co.*, 134 F.R.D. 302, 303 (M.D. Fla. Feb. 5, 1991).

Smith filed a Second Amended Complaint with leave of court after the MPI
on August 19, 2024. [Apps 25, 472]. Therefore, the MPI was filed prior to the
Corrected Second Amended Complaint. [Apps 151, 472].

Smith does not argue that the CSAC relates back to the date of the original pleading, and indeed such an argument is not viable. Fed. R. Civ. P. 15(c); *Iriele v. Griffin*, 65 F.4th 1280, 1287 (11th Cir. 2023). "[W]here the claims brought in an amended complaint are 'closely related' to the claims asserted in an original complaint ... the amendment relate[s] back to the filing date of the original complaint." *Smith v. Neurointernational Healthcare, LLC*, 707 F.Supp.3d 1266, 1271–72 (M.D. Fla. Dec. 19, 2023). The converse is true. Unrelated claims do not relate back to the date of the initiation of the case. The Title VII claim in the Corrected Second Amended Complaint is new. It forms the basis of Smith's argument that she is entitled to a presumption of irreparable harm. Even so, this too is immaterial to the result since the law does not favor Smith's position on the presumption of irreparable harm in any event, as argued below.

Regardless, the district court made no material finding of fact affecting the outcome of its decision when it stated that the operative complaint was the First Amended Complaint. The material finding was that "the Plaintiff's alleged injuries are not irreparable, and so preliminary injunctive relief is denied, regardless of the merits of the asserted claims." [App 748]. The district court therefore made plausible findings which should not be disturbed.

> [A] district court['s] factual determinations, including findings of irreparable harm made for purposes of determining whether to issue a preliminary injunction, are reviewed for clear error and will not be overturned as long as the findings are plausible considering the record

viewed in its entirety and in the light most favorable to the prevailing party.

36 C.J.S. Federal Courts § 616.

The identification of the operative pleading did not perpetrate any injustice upon Smith. The statement prejudiced Smith only if there is a "reasonable likelihood that the outcome would have been different" if the district court had stated differently. There is no reasonable likelihood that the outcome hinged on this statement. *Equal Employment Opportunity Commission v. STME, LLC*, 938 F.3d 1305, 1322 (11th Cir. 2019). Further, the statement was not clearly erroneous. The "clearly erroneous" standard applies to ultimate facts, meaning those which would determine the outcome of the case. 36 C.J.S. Federal Courts § 616.

Any reference to the FAC as the operative complaint is immaterial to the result and harmless, if indeed it was error. "The standard for harmless error is whether the complaining party's substantial rights were infringed upon. *United States v. Mar. Life Caribbean Ltd.*, 913 F.3d 1027, 1033 (11th Cir. 2019); *Haney v. Mizell Mem'l Hosp.*, 744 F.2d 1467, 1475 (11th Cir. 1984)." *Equal Employment Opportunity Commission v. STME, LLC*, 938 F.3d 1305, 1322 (11th Cir. 2019). The district court based its decision on the MPI, its exhibits, and facts generally in the record. [App 739]. Identification of the operative pleading was not a fact at issue and was irrelevant to the outcome.

**B. The district court applied the law properly.**

The district court applied the proper legal standard to the MPI, stating:

> "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites." *ACLU of Fla., Inc .v. Miami-Dade Cnty. Sch. Bd.*, 557 F.3d 1177,1198 (11th Cir. 2009) (citation omitted).A plaintiff must clearly establish these requirements:"(1)a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury;(3) that the threatened injury to the plaintiff outweighs the potential harm to the defendant; and (4) that the injunction will not disserve the public interest." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002) (citing *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257,1265 (11th Cir. 2001))." [App 743].

Smith argues that the CSAC contains a count alleging violation of 42 U.S.C. 2000e, et seq.("Title VII"), entitling her to a presumption of irreparable harm. [Apps 523, 524 - ¶¶184 – 190]. There are two reasons this argument fails. First, the Title VII claim was filed after the MPI as explained above, and Smith does not argue that the CSAC relates back to the date of the initial pleading, nor does it. Second, the presumption of irreparable harm in a Title VII case is not absolute. It is only extended to cure a continuing discriminatory practice, which is not the case here. Smith has been terminated so there is no possibility she is the continued target of discrimination warranting the presumption. The circuit court and the district court have consistently determined that Smith's damages, if any, are monetary.

**II.    The Order on appeal should be affirmed because the required elements were not established.**

The district court correctly stated that "irreparable harm is the sin qua non of

injunctive relief," determining that it was not necessary to "address the likelihood of success on the merits, " and citing *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000). [App 744]. *Smith v. Fla. Agricultural & Mechanical University Board of Trustees*, 2024 WL 4008150, at *3 (M.D. Fla. Aug. 30, 2024).

The Eleventh Circuit once broadly stated that irreparable harm will be presumed in Title VII cases. "In this circuit . . . courts are to presume irreparable harm in Title VII cases." *Baker v. Buckeye Cellulose Corp*., 856 F.2d 167, 169 (11th Cir. 1988). Subsequent rulings narrowed that presumption to the facts of each case. *See*, *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1311, 1312 (11th Cir. 1998).

Eventually, the rationale for presuming irreparable harm in a Title VII case was articulated by the Middle District. The presumption is to prevent ongoing discriminatory or retaliatory acts. However, it also makes sense to ignore the presumption when the complaining party has parted ways with the employer. The presumption, therefore, is not applicable when a continuing discriminatory practice cannot be affected:

> [T]he Eleventh Circuit's holding in *Baker* is inapposite here as there are no ongoing retaliatory actions. Unlike in *Baker*, where the plaintiff moved to enjoin her employer from actively engaging in certain retaliatory conduct, here, the retaliatory actions alleged have already occurred; that is, Plaintiffs have already been terminated from their positions at Artis-Naples. Thus, to the extent the holding in *Baker* is only "[o]n the facts of th[at] case," the presumption of irreparable harm outlined by the court in *Baker* is inapplicable here. *See Baker*, 856 F.2d at 169; *McDonald's Corp.*, 147 F.3d at 1313–14.

*Leigh v. Artis-Naples, Inc.*, 2022 WL 18027780, at *17 (M.D. Fla. Dec. 30, 2022).

The analysis in *Leigh v. Artis-Naples, Inc.* makes sense. There is no reason to presume irreparable harm as to a party whose employment has ended. Discrimination is not ongoing. Any damage in that case is in the past.

While Smith may eventually articulate a broader Title VII claim on behalf of all females at the College of Law, this appeal addresses her motion for an injunction. Her reinstatement would do nothing to address discrimination affecting anyone else. This also explains why the district court's statement about the First Amended Complaint is immaterial. Whether there was a Title VII claim pending is not relevant to the reinstatement of Smith. Retaliatory actions affecting Smith, if any, are in the past and not continuing. A presumption of irreparable harm is not applicable where active retaliation has ceased. It is simply improper to presume irreparable harm in this case and the district court was correct in its analysis.

Without a presumption of irreparable harm, Smith fails to make an actual case for it. Nothing in Smith's attachments or declarations demonstrate irreparable harm.

Courts in the Eleventh Circuit have generally found that loss of employment is not considered an irreparable injury, being fully compensable by monetary damages. *Leigh,* at 19.

Smith's alleged loss of repute within the academic community cannot be cured by reinstatement months after her termination. Her other alleged harms such

as career advancement, ability to secure a job in this market, and a parent in need of care are all too speculative to constitute irreparable harm. *Oviedo Med. Ctr., LLC v. Adventis Health Sys./Sunbelt, Inc.*, No. 6:19-cv-1711-ORL-78EJK, 2019 WL 7423546, at *3 (M.D. Fla. Oct. 15, 2019) (denying motion for preliminary injunction where plaintiff only presented "speculative and unproven risks of reputational harm to establish irreparable harm"). There is nothing in Plaintiff's Declaration that establishes irreparable harm as imminent, nor is there any other evidence in the record to support such a finding. [App 435]. *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) ("As we have emphasized on many occasions, the asserted irreparable injury 'must be neither remote nor speculative, but actual and imminent.'") (citations omitted). *See also*, *Blue-Grace Logistics LLC*, 340 F.R.D. 460, 465 (M.D. Fla. Feb. 7, 2022).

In addition, loss of income and benefits, access to research resources or damage to reputation "fall short of the type of irreparable injury which is a necessary predicate to the issuance of a temporary injunction in this type of case." *Storves v. Island Water Association, Inc*., 2010 WL 11622686, at *4 (M.D. Fla. Nov. 3, 2010).

Smith cites *Assaf v. Univ. of Texas System,* 399 F. Supp. 1245 (S.D. Tex. 1975), to support her reinstatement via preliminary injunction as particularly applicable because the case involved a professor. However, the district court correctly distinguished *Assaf* since in this case no mandatory reporting of the

discharge to law enforcement applies.  [App 739, p. 9, fn 7].

Smith cites *Blaine v. N. Brevard Cnty. Hosp. Div.,* 312 F. Supp. 3d 1295 (M.D. Fla. 2018).  But unlike the oncologists in that case, Smith's for-cause termination as a professor is not a reportable incident to the Florida Bar as the oncologists' terminations were to the National Practitioner Data Bank.

The district court was also correct in its analysis that reinstatement of Smith would disserve the University and students after a substantiated finding that Smith had retaliated against a student.  Reinstating Smith would not be good public policy in light of the OCE findings.  Accordingly, Smith failed to carry her burden to obtain the "extraordinary and drastic" remedy of an injunction and the court was correct to deny the MPI.

## CONCLUSION

The district court did not abuse its discretion in denying the appellant's Time-Sensitive Motion for Preliminary Injunction.  Smith failed to establish two of the required elements necessary to meet the high standard for an injunction.  Smith did not show irreparable harm, nor did she show that the public interest would be served by forcing FAMU to reinstate her as a professor in the College of Law.

The district court correctly identified the operative pleading and recited the facts upon which it relied in its decision.  It correctly applied the relevant law. Moreover, the decision of the district court, unless clearly in error, is entitled to

deference by this court even if this court might have found differently.

The Time-Sensitive Motion for Preliminary Injunction failed to establish, and Smith is not entitled to, a presumption of irreparable harm as a result of the added Title VII claim. Alleged discriminatory acts are not ongoing since Smith's employment has ended. Further, any damages suffered by Smith are monetary, making an injunction unnecessary.

The decision of the district court denying Plaintiff's Time-Sensitive Motion for Preliminary Injunction should be affirmed.

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS

1. This document complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), the document contains 4897 words.

2. This document complies with the typeface requirements of Fed R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because the document has been prepared in a proportionally spaced typeface using Times New Roman 14.

> */s/ Teresa Cooper Ward*
> Teresa Cooper Ward, Esq.
> Florida Bar Number: 343692
>
> **SNIFFEN & SPELLMAN, P.A.**
> 123 North Monroe Street
> Tallahassee, Florida 32301
> Telephone: (850) 205-1996
> *Counsel for Florida A&M University*
> *Board of Trustees*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 9th day of December, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all registered users and counsel in this case.

/s/ *Teresa Cooper Ward*
Teresa Cooper Ward, Esq.
Florida Bar Number: 343692
Maria A. Santoro, Esq.
Florida Bar Number: 654809
msantoro@sniffenlaw.com
tward@sniffenlaw.com
jlunt@sniffenlaw.com

**SNIFFEN & SPELLMAN, P.A.**
123 North Monroe Street
Tallahassee, Florida 32301
Telephone: (850) 205-1996
*Counsel for Florida A&M University*
*Board of Trustees*