CASE NO. 24-12823

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

JENNIFER SMITH,
*Plaintiff-Appellant,*

v.

FLORIDA A&M UNIVERSITY BOARD OF TRUSTEES; ALLYSON
WATSON; DENISE D. WALLACE; LATONYA BAKER; LATRECHA SCOTT;
RICA CALHOUN; GRAY ROBINSON, P.A.; JULIE ZOLTY; RICHARD E.
MITCHELL; and SARAH REINER,
*Defendants-Appellees.*

On Appeal from The United States District Court
for the Middle District of Florida, No. 6:24-cv-00457-PGB-RMN; and
the United States District Court for the Northern District of Florida,
No. 4:24-cv-00367-MW-MAF

———————————

## APPELLANT'S PETITION FOR REHEARING
## AND HEARING EN BANC

———————————

Jennifer Smith
Florida Bar No. 964514
LAW OFFICE OF JENNIFER SMITH
13506 Summerport Village
Pkwy., Suite 108
Windermere, FL 34786
407-455-0712 (phone)
jensmithesq@aol.com
jensmithesq@yahoo.com

Dated: <u>April 26, 2026</u>

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rules 26.1-1 through 26.1-3, Plaintiff-Appellant Jennifer M. Smith ("Professor Smith") certifies that the following persons and entities are known to have an interest in the outcome of this appeal:

1. Allyson Watson, *Defendant-Appellee.*

2. Florida Agricultural and Mechanical University Board of Trustees, *Defendant-Appellee.*

3. Gray Robinson, P.A., *counsel associated with Defendants-Appellees.*

4. Hon. Mark E. Walker, *United States District Judge.*

5. Hon. Martin A. Fitzpatrick, *United States Magistrate Judge.*

6. Hon. Paul G. Byron, *United States District Judge.*

7. Hon. Robert M. Norway, *United States Magistrate Judge.*

8. Julie Zolty, *Defendant-Appellee.*

9. Latonya Baker, *Defendant-Appellee.*

10. Latrecha Scott, *Defendant-Appellee.*

11. Maria Santoro, *counsel for Defendant-Appellee.*

12. Professor Jennifer Smith, *Plaintiff-Appellant.*

13. Rica Calhoun, *Defendant-Appellee.*

14. Richard Mitchell, *Defendant-Appellee.*

C-1

15.    Sarah Reiner, *Defendant-Appellee*.

16.    Sniffen & Spellman, P.A., *counsel for Defendant-Appellee*.

17.    Teresa Ward, *counsel for Defendant-Appellee*.

Plaintiff-Appellant is unaware of any publicly traded corporation that owns ten percent or more of any corporate party's stock and is unaware of any other publicly traded corporation with an interest in the outcome of this appeal.

Respectfully submitted,

*/s/ Jennifer Smith*

Jennifer Smith
Florida Bar No. 964514
LAW OFFICE OF JENNIFER SMITH
13506 Summerport Village
Pkwy., Suite 108
Windermere, FL 34786
407-455-0712 (phone)
jensmithesq@aol.com
jensmithesq@yahoo.com

## CERTIFICATE OF COUNSEL PURSUANT TO 11TH CIR RULE 40-3

I certify, based on a reasoned and studied professional judgment, that the panel's decision contradicts and conflicts with the following controlling decisions, and that consideration by the full Court is necessary to secure and maintain uniformity of decisions in this Court:

I. Decisions of the Supreme Court of the United States:

    A. *Elrod v. Burns*, 427 U.S. 347 (1976) (First Amendment claims automatically establish irreparable harm);

    B. *Connick v. Myers*, 461 U.S. 138 (1983) (First Amendment retaliation framework establishes "content" as most important factor);

    C. *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22 (2025) (amended complaints supersede prior pleadings and become the operative complaint).

II. Decisions of the Eleventh Circuit:

    A. *United States v. Hayes Int'l Corp.*, 415 F.2d 1038 (5th Cir. 1969) (presumption of irreparable harm for federal anti-discrimination violations);

    B. *E.E.O.C. v. White & Son Enters.*, 881 F.2d 1006 (11th Cir. 1989) (Equal Pay Act violations trigger presumption of irreparable harm);

    C. *Stanley v. City of Dalton*, 219 F.3d 1280 (11th Cir. 2000) (First Amendment's same decision defense unresolvable if facts are disputed);

    D. *Mitchell v. Hillsborough Cnty.,* 468 F.3d 1276 (11th Cir. 2006) (First Amendment's constitutionally protected speech framework examines "content" as the most important factor)

E.  *All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp.*, 887 F.2d 1535 (11th Cir. 1989) (evidentiary hearing required for disputed facts in preliminary injunction motions);

F.  *Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205 (11th Cir. 2003) (same);

G.  *Barber v. Governor of Alabama*, 73 F.4th 1306 (11th Cir. 2023) (The pleading operative at the "time of the decision" dictates the scope of relief attainable by earlier filed motion).

III.  Decisions of the Sixth and Ninth Circuits:

A.  *Howe v. City of Akron*, 723 F.3d 651 (6th Cir. 2013) (reputational and professional harm constitute irreparable injury in retaliation cases);

B.  *Chalk v. U.S. Dist. Ct. Cent. Dist. of California*, 840 F.2d 701 (9th Cir. 1988) (same);

C.  *Heineke v. Santa Clara Univ.*, 736 F. App'x 622 (9th Cir. 2018) (same).

I further certify that this appeal presents questions of exceptional importance,[1] including:

1.  Whether irreparable harm for a preliminary injunction is established when a movant:

A.  Asserts the presumption of irreparable harm for violations of federal anti-discrimination laws authorizing an injunction (*United States v. Hayes Int'l Corp.,* 415 F.2d 1038 (5th Cir. 1969));

B.  Alleges an Equal Pay Act claim that triggers the Title VII presumption of irreparable harm (*United States v. Hayes Int'l Corp.*, 415 F.2d 1038

---

[1] Notably, not one of the cases on which the Panel relied to affirm— including *Van Arsdel* which does not even apply—was cited by FAMU in its brief on appeal, (App. Dkt. 20), or its brief below (Doc. 125). The Panel *sua sponte* supplied the entire legal framework that defeated Professor Smith's motion.

(5th Cir. 1969) and *E.E.O.C. v. White & Son Enters.*, 881 F.2d 1006 (11th Cir. 1989)); or

C. Alleges a First Amendment retaliation claim supported by evidence to contradict the employer's "same decision" defense (*Elrod v. Burns*, 427 U.S. 347 (1976), *Stanley v. City of Dalton*, 219 F.3d 1280 (11th Cir. 2000), and *Mitchell v. Hillsborough Cnty.,* 468 F.3d 1276 (11th Cir. 2006)).[2]

2. Whether a district court may resolve material factual disputes without an evidentiary hearing when balancing the public interest in preliminary injunction proceedings (*All Care Nursing*, *Four Seasons Hotels*).

3. Whether the Panel's misstatement of facts has independently created irreparable harm sufficient for panel rehearing or rehearing en banc (*Ferrero v. Associated Materials Inc.*, 923 F.2d 1441, 1449 (11th Cir. 1991) and *Yorktown Systems Group v. Threat Tec LLC*, 108 F.4th 1287, 1296 (11th Cir. 2024)).

*/s/ Jennifer Smith*

Jennifer Smith
Florida Bar No. 964514
LAW OFFICE OF JENNIFER SMITH
13506 Summerport Village
Pkwy., Suite 108
Windermere, FL 34786
407-455-0712 (phone)
jensmithesq@aol.com
jensmithesq@yahoo.com


ATTORNEY OF RECORD
FOR PLAINTIFF-
APPELLANT

---

[2] The need for correction is not hypothetical. Within days of issuance, public-university litigants began invoking *Smith* in another Eleventh Circuit university-discipline appeal to defeat interim reinstatement and First Amendment irreparable-harm arguments. That immediate use confirms the practical significance of the panel's ruling and the need for correction before the decision hardens into a template for denying interim relief in public-university retaliation cases. *See e.g., Damsky v. Summerlin*, No. 25-14171, Appellant Reply Br. (11th Cir.).

## TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE

DISCLOSURE STATEMENT ................................................................................1

CERTIFICATE OF COUNSEL PURSUANT TO 11TH CIR RULE 40-3 .............3

TABLE OF CITATIONS ................................................................... iii

STATEMENT OF THE ISSUES WARRANTING PANEL REHEARING AND

EN BANC CONSIDERATION................................................................................1

ARGUMENT .................................................................................6

I.    Panel Rehearing is Warranted To Correct Overlooked Legal Errors
Constituting Per Se Abuses of Discretion. ...........................................................6

    A.  The *Van Arsdel* Rule Never Applied Because Prior Precedent in *United
States v. Hayes International Corp.* Controls. ....................................................7

    B.  The Panel Ignored the Presumption of Irreparable Harm for Federal Anti-
Discrimination Claims. ...................................................................................8

    1.  The Panel Overlooked the "A Fortiori" Principle......................................8
    2.  The Panel Overlooked and Misstated the Operative Pleading....................9

    C.  The Panel Overlooked *Elrod*'s Automatic Irreparable Harm Rule in First
Amendment Cases................................................................................10

    D.  The Panel Overlooked Governing Law on Factual Disputes at the
Preliminary Injunction Stage. ......................................................................12

    E.  The Panel Overlooked Facts and Law that Demonstrated Irreparable Harm
Can Exist From Reputational Injuries...........................................................14

II.   Rehearing En Banc is Warranted to Maintain Uniformity of Precedent and
Avoid a Circuit Split................................................................................15

CONCLUSION ...................................................................................................18

CERTIFICATE OF COMPLIANCE .................................................................19

CERTIFICATE OF SERVICE ..........................................................................19

# TABLE OF CITATIONS

**CASES**

*All Care Nursing Serv. v. Bethesda Mem'l Hosp.*,
  887 F.2d 1535 (11th Cir. 1989). ................................................ 1, 6, 13, 14, 17

*Baldwin v. Express Oil Change, LLC*,
  87 F.4th 1292 (11th Cir. 2023). ........................................................7

*Barber v. Governor of Alabama*,
  73 F.4th 1306 (11th Cir. 2023). ................................................ 1, 6, 9, 10, 16

*Chalk v. U.S. Dist. Ct. Cent. Dist. of California*,
  840 F.2d 701 (9th Cir. 1988). ........................................................2, 17

*Connick v. Myers*,
  461 U.S. 138 (1983) ........................................................5, 16

*Cooper v. Smith*,
  89 F.3d 761 (11th Cir. 1996). ........................................................12

*Culpepper v. Reynolds Metals Co.*,
  421 F.2d 888 (5th Cir. 1970). ........................................................7

*Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V Olymia Voyager*,
  463 F.3d 1210 (11th Cir. 2006) ................................................ 6, 9, 16

*E.E.O.C. v. White & Son Enters.*,
  881 F.2d 1006 (11th Cir. 1989). ................................................ 1, 8, 16

*Elrod v. Burns*,
  427 U.S. 347 (1976). ................................................ 1, 10, 11, 16

*Ferrero v. Associated Materials Inc.*,
  923 F.2d 1441 (11th Cir. 1991). ................................................ 1, 14, 15

*Fikes v. City of Daphne*,
  79 F.3d 1079 (11th Cir. 1996). ........................................................12

*Four Seasons Hotels v. Consorcio Barr*,
  320 F.3d 1205 (11th Cir. 2003). ................................................ 1, 6, 13, 14, 17

iii

*Heineke v. Santa Clara Univ.*,
  736 F. App'x 622 (9th Cir. 2018)................................................................2, 17

*Howe v. City of Akron*,
  723 F.3d 651 (6th Cir. 2013). .................................................................2, 17

*Lowery v. Ala. Power Co.*,
  483 F.3d 1184 (11th Cir. 2007). .............................................................9, 16

*Middleton-Keirn v. Stone*,
  655 F.2d 609 (5th Cir. 1981). ......................................................................7

*Mitchell v. Hillsborough Cnty.*,
  468 F.3d 1276 (11th Cir. 2006)................................................ 1, 10, 11, 12, 16

*Murry v. Am. Standard, Inc.*,
  488 F.2d 529 (5th Cir. 1973). ......................................................................7

*Royal Canin U. S. A., Inc. v. Wullschleger*,
  604 U.S. 22 (2025). .......................................................... 1, 9, 10, 16

*Spiegel v. City of Houston*,
  636 F.2d 997 (5th Cir. 1981). .............................................................. 14, 15

*Stanley v. City of Dalton*,
  219 F.3d 1280 (11th Cir. 2000)................................................. 1, 10, 11, 17

*Tindal v. Montgomery County Commission*,
  32 F.3d 1535 (11th Cir. 1994)....................................................................12

*United States v. Hayes Int'l Corp.*,
  415 F.2d 1038 (5th Cir. 1969). ............................................................ 1, 7, 16

*Van Arsdel v. Texas A&M Univ.*,
  628 F.2d 344 (5th Cir. 1980). ......................................................... 7, 8, 16, 17

*Warren v. DeSantis*,
  90 F.4th 1115 (11th Cir. 2024)....................................................................14

*Wreal, LLC v. Amazon.com, Inc.*,
  840 F.3d 1244 (11th Cir. 2016)....................................................................7

iv

*Yorktown Systems Group v. Threat Tec LLC*,
    108 F.4th 1287 (11th Cir. 2024)............................................................... 1, 14, 15

**STATUTES**

Equal Pay Act of 1963,
    29 U.S.C. § 206 et seq. .................................................................... 1, 4, 7, 8, 16

Title VII of the Civil Rights Act of 1964,
    42 U.S.C. §§ 2000e et. seq. .......................................................... 1, 7, 8, 10, 16

**RULES**

Eleventh Circuit Rule 28-1 ...........................................................................19

Eleventh Circuit Rule 40-3 ...........................................................................19

Federal Rule of Appellate Procedure 25 .......................................................19

Federal Rule of Appellate Procedure 32 .......................................................19

Federal Rule of Appellate Procedure 40 .................................................. 15, 19

**CONSTITUTIONAL PROVISIONS**

*U.S. Const. amend. I ....................................................................... 1, 5, 10, 11, 16

## STATEMENT OF THE ISSUES WARRANTING PANEL REHEARING AND EN BANC CONSIDERATION

**I. Whether Panel Rehearing is Warranted To Correct Overlooked Legal Errors Constituting Per Se Abuses of Discretion Because the Panel:**

(A) Overlooked *United States v. Hayes Int'l Corp.*, 415 F.2d 1038 (5th Cir. 1969) establishing a presumption of irreparable harm for violations of federal statutes authorizing an injunction;

(B) Overlooked *E.E.O.C. v. White & Son Enters.*, 881 F.2d 1006 (11th Cir. 1989), which held that an EPA violation automatically establishes a Title VII violation and therefore the *Hayes* presumption applies to Plaintiff's Equal Pay Act claim. And overlooked the "time of decision" rule created by *Barber v. Governor of Alabama*, 73 F.4th 1306 (11th Cir. 2023) and the Supreme Court's rejection of "time of filing" rules, for purposes other than jurisdiction, in *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 35 (2025);

(C) Overlooked *Stanley v. City of Dalton*, 219 F.3d 1280 (11th Cir. 2000), *Mitchell v. Hillsborough Cnty.*, 468 F.3d 1276 (11th Cir. 2006), and *Elrod v. Burns*, 427 U.S. 347 (1976) which required the Panel to consider the "whole record," without resolving factual disputes, under the First Amendment.

(D) Overlooked *All Care Nursing Serv. v. Bethesda Mem'l Hosp.*, 887 F.2d 1535 (11th Cir. 1989), and *Four Seasons Hotels v. Consorcio Barr*, 320 F.3d 1205 (11th Cir. 2003), which required an evidentiary hearing before disputed issues material to the preliminary-injunction-motion and credibility determinations could be made.

(E) Overlooked *Ferrero v. Associated Materials Inc.*, 923 F.2d 1441 (11th Cir. 1991) and *Yorktown Systems Group v. Threat Tec LLC*, 108 F.4th 1287, (11th Cir. 2024), which establishes reputational harm can satisfy irreparable harm, and misstated critical facts.

1

## II. Whether Rehearing En Banc is Warranted to Maintain Uniformity of Precedent and Avoid a Circuit Split Because the Panel

Overlooked that its decision conflicts with authoritative decisions from the Sixth and Ninth Circuits, which recognize irreparable harm in employment cases is satisfied by reputational and professional injuries (*Howe v. City of Akron*, 723 F.3d 651 (6th Cir. 2013); *Chalk v. U.S. Dist. Ct. Cent. Dist. of California*, 840 F.2d 701 (9th Cir. 1988); *Heineke v. Santa Clara Univ.*, 736 F. App'x 622 (9th Cir. 2018)).

## STATEMENT OF THE COURSE OF PROCEEDINGS
## AND DISPOSITION OF THE CASE

Professor Smith sued FAMU for gender discrimination in October 2023. (Doc. 10 at 2). FAMU terminated her 22 days after learning of the lawsuit. (Id.). She promptly sought preliminary injunctive relief in state court on January 29, 2024. (Id. at 3). FAMU removed the case to federal court on March 4, 2024. (Id. at 2).

Because FAMU continued to take new adverse actions against Professor Smith once the federal proceeding began, she updated her complaints in real-time and she disclosed the updates to the district court at each stage. (Doc. 72-1 at 3 n.3; Doc. 84 at 44 n.10; Doc. 151 at 44 n.10). The district court granted Professor Smith leave to amend on July 3, 2024. (Doc. 80). On July 8, 2024, Professor Smith filed the second-proposed-second-amended-complaint and then a corrected version (Doc. 84) one day later. On July 9, 2024, the district court denied Professor Smith's second preliminary-injunction-motion as moot. The next day, the district court accepted Doc. 84, as the operative pleading. On July 10, 2024, Professor Smith filed a third preliminary-injunction-motion, (Doc. 86), relying on the operative corrected pleading. (Doc. 84).

On July 24, 2024, the district court struck two earlier iterations of the amended complaint. (App. 23). On July 26, 2024, Professor Smith renewed her motion for leave to amend. (Id.). On August 16, 2024, the Court granted that motion. (Doc.

3

149). On August 18, 2024, Professor Smith refiled the exact same CSAC on which her third preliminary injunction motion relied. (Doc. 81; Doc. 84; Doc 86-3; Doc. 151). On August 30, 2024, the district court denied the third preliminary-injunction-motion without an evidentiary hearing and without finding it moot, prompting this appeal. (Doc. 164).

## STATEMENT OF FACTS NECESSARY TO THE ARGUMENT

The following facts were overlooked by the Panel and are necessary to resolve this appeal.

Professor Smith had a twenty-year career in teaching scholarship, and service. (Doc. 151 ¶¶ 17–25; Doc. 86-1; Doc. 86-5; Doc. 151-21). In 2014, Professor Smith sued FAMU for gender discrimination. (Doc. 17-7 at 2; Doc. 151-18 at 3). In 2018, she sued FAMU again for continued gender discrimination. (Doc. 17-7 at 2; Doc. 151-18 at 3). After a decade-long fight for equal pay, those lawsuits produced salary increases of up to $23,000 and full professorships for women. (Doc. 86-1; Doc. 86-5; Doc. 151-18 at 2; Doc. 151-21).

In 2022, FAMU continued to engage in gender discrimination against women, so Professor Smith emailed the University president to notify him that "women were still underpaid at the law school." (Doc. 151 ¶ 38).  Eventually, Professor Smith filed a charge with the EEOC. (Id. ¶ 41; Doc. 151-1). On October 17, 2023, Professor Smith filed a gender discrimination lawsuit under the Equal Pay Act in a public

forum. (Doc. 1-1). These acts show that Smith, as a private citizen, spoke on a matter of public concern by reporting unlawful government conduct. By omitting these facts, the Panel's opinion overlooks and is contrary to *Connick's* requirement that courts consider the "whole record" when evaluating First Amendment injuries, which the Panel failed to do.

Professor Smith was fired 22 days after FAMU learned she had a new lawsuit on file. (Id. ¶ 91). FAMU had taken no action on either Professor Smith's or the student's complaint for over 100 days, yet FAMU used the unsubstantiated complaint to manufacture a pretext for termination, having failed to save the video evidence during the 100-day delay. (Doc. 151-6 at 13). The unsubstantiated student complaint was facially meritless and FAMU conceded as much below, forfeiting any contrary argument. (Doc. 125 at 1–12). Yet, the Panel misstated that the student's "version" was disputed—a characterization unsupported by the record. (Op.3).

The Panel also overlooked the pre-determination conference, where FAMU handpicked a three-member-lawyer-panel to review FAMU's retaliation finding. (Doc 86-4). FAMU's three-member-lawyer-panel unanimously found no retaliation and concluded the termination notice should be rescinded. (Doc 86-4; Doc. 151 ¶ 112). FAMU fired Professor Smith anyway and continued to change its reasons for her firing. (Doc. 151 ¶ 129; Doc. 151-7). Omitting that exoneration let the court

5

resolve disputed facts in FAMU's favor without a hearing, contrary to *All Care Nursing* and *Four Seasons*.

The Panel also overlooked that Professor Smith's termination caused immediate and ongoing reputational harm. Professor Smith showed reputational and professional harm, including lost research access, inability to complete scholarly articles, a collapsed job opportunity, lost promotion opportunities, and loss of insurance benefits. (Doc. 86-1; Doc. 86-5; Doc. 151-18 at 2; Doc. 151-21). The Panel's opinion is silent on these injuries.

As a tenured faculty member, Professor Smith was responsible for teaching, scholarship, and service. (Doc. 151-9 at 6–7). The Panel overlooked this, which bore directly on the scope of injunctive relief available to her.

Finally, the Panel's opinion conflicts with binding precedent on a threshold legal issue. In one passage, the opinion acknowledges that the CSAC is "the current operative complaint." (Op.5). In another place, the opinion treats the FAC as the operative pleading, even though the district court had declared the FAC "obsolete." (Op.7; Doc. 80 at 6). That conflict overlooks *Dresdner Bank* and *Barber*.

## ARGUMENT

### I.    Panel Rehearing is Warranted To Correct Overlooked Legal Errors Constituting Per Se Abuses of Discretion.

The Panel correctly recognized that preliminary injunction orders are reviewed for "abuse of discretion," *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244,

6

1247 (11th Cir. 2016), such as when a district court "applies an incorrect legal standard" or commits an error of law. *Baldwin v. Express Oil Change, LLC*, 87 F.4th 1292, 1301 (11th Cir. 2023). Panel rehearing is warranted, however, because the Panel overlooked the district court's legal errors, contrary to the Eleventh Circuit and Supreme Court precedent.

### A. The *Van Arsdel* Rule Never Applied Because Prior Precedent in *United States v. Hayes International Corp.* Controls.

The Panel overlooked *United States v. Hayes International Corp.*, 415 F.2d 1038, 1045 (5th Cir. 1969), decided 11 years before *Van Arsdel*, and declared that irreparable harm is "presumed from the very fact that the statute has been violated." *See Middleton-Keirn v. Stone*, 655 F.2d 609 (5th Cir. 1981) (**citing *Hayes* post-*Van Arsdel***); *Culpepper v. Reynolds Metals Co.*, 421 F.2d 888 (5th Cir. 1970); *Murry v. Am. Standard, Inc.*, 488 F.2d 529 (5th Cir. 1973). *Hayes* does not limit its holding to Title VII—it states "[w]here... the statutory rights of employees are involved and an injunction is authorized by statute ...the usual prerequisite of irreparable injury need not be established"—it is presumed. *Id.* Because the Equal Pay Act authorizes an injunction, *see* 29 U.S.C. § 217, Professor Smith was entitled to the *Hayes* presumption. The Panel overlooked that precedent and relied on *Van Arsdel* to adopt a categorical rule that terminated employees never suffer irreparable harm because their "injury is redressable post-trial with reinstatement and back pay." (Op.7). Because *Hayes* is the earlier decision, it controls, and panel rehearing is warranted.

7

The Panel's reliance on *Van Arsdel* warrants panel rehearing for another, independent reason. It is factually distinguishable because the Texas district court never concluded that the professor would suffer irreparable harm during the pendency of the case; he voluntarily resigned, raised common-law claims, and made a reasoned choice to resign rather than face undisputed allegations of misconduct. Unlike *Van Arsdel*, Professor Smith asserted statutory and constitutional claims, submitted evidence of ongoing irreparable harm, and was not terminated on undisputed misconduct. (Doc. 84, Doc. 86 at 17; Doc. 86-1; Doc. 86-4; Doc. 86-5; Doc. 125 at 3; Doc. 151-21). Therefore, panel rehearing is warranted to set forth the correct law and proper legal standard for evaluating irreparable harm.

**B.     The Panel Ignored the Presumption of Irreparable Harm for Federal Anti-Discrimination Claims.**

### 1.     The Panel Overlooked the "A Fortiori" Principle

The Panel overlooked *E.E.O.C. v. White & Son Enterprises*, which held that an Equal Pay Act violation establishes a Title VII violation "*a fortiori*." 881 F.2d 1006, 1011 (11th Cir. 1989) ("…because we conclude that plaintiff proved discrimination under the EPA, a violation of Title VII is established a fortiori."). Professor Smith presented this to the district court, (Doc. 86 at 18 ("any violation of the Equal Pay Act is also a violation of [T]itle VII")), and presented it to the Panel (Opening-Br. at 39).  Because the panel overlooked *White & Son* and the "*a fortiori*" principle, panel rehearing is warranted.

8

### 2.    *The Panel Overlooked and Misstated the Operative Pleading*

The Panel misstated the procedural posture and effectively applied a "time of filing" rule contrary to and overlooking *Barber v. Governor of Alabama,* 73 F.4th 1306, 1316 n.16 (11th Cir. 2023) and *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 35 (2025). In *Barber*, this Court held, in the preliminary-injunction-context, it "focus[es] on the … complaint" that was operative when the motion was decided. *Id.* at 1316 n.16. By August 30, 2024, the CSAC was authorized, filed, and unquestionably the operative complaint. And the motion wasn't denied as moot.

Here, the Panel stated that the CSAC was "the current operative complaint," (Op.5), but two pages later stated that "the operative complaint at the time Professor Smith filed the preliminary injunction motion was the First Amended Complaint." (Op.7).  That factual misstatement is unsupported by *Barber* and further overlooks *Royal Canin*'s holding that when "a plaintiff amends her complaint, the new pleading supersedes the old one: The original pleading no longer performs any function in the case." 604 U.S. at 35 (citation modified); *Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006); *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219-20 (11th Cir. 2007). And *Royal Canin* clarified that the "time of filing" rule only applies to diversity jurisdiction.  604 U.S. at 36 n.5.

Because the FAC was deemed "obsolete" on July 3, 2024, the CSAC superseded it before the court ruled on August 30, 2024. (Doc. 86; Doc. 151; Doc

9

164). By nonetheless treating the FAC as operative, under the inapplicable "time of filing" rule, the Panel overlooked *Royal Canin* and *Barber*. And because the CSAC alleged a Title VII claim, Professor Smith is entitled to the presumption of irreparable harm. Panel rehearing is warranted.

### C.   The Panel Overlooked *Elrod's* Automatic Irreparable Harm Rule in First Amendment Cases

By summarily rejecting Professor Smith's ongoing loss of her First Amendment rights, "[w]ithout diving into the merits" (Op.8), the Panel overlooked *Stanley v. City of Dalton, Ga.*, 219 F.3d 1280 (11th Cir. 2000), *Elrod v. Burns*, 427 U.S. 347, 373–74 (1976), and *Mitchell v. Hillsborough Cnty.,* 468 F.3d 1276, 1284 (11th Cir. 2006).

First, in *Stanley*, this Court recognized in a First Amendment retaliation case, that an employer avoids liability when the "**undisputed**" facts show that it "would have reached the same decision absent the protected speech." 219 F.3d at 1296 (emphasis added).

Here, the Panel overlooked overwhelming evidence establishing a factual dispute on whether FAMU would not have terminated Professor Smith absent her protected activity, unresolvable at this stage according to *Stanley*. Professor Smith offered sworn declarations, conflicting university statements, tainted-investigation evidence, reports finding the allegations unsubstantiated, secret communications, spoliation evidence, and FAMU's own panel report finding Professor Smith did

10

NOT retaliate against the student; all which creates a dispute of fact and shows the proffered basis for termination was pretextual. (Doc. 1-1; Docs. 86-1–86-19; Doc. 151; Doc. 151-3; Doc. 151-6; Doc. 151-11). Because a fact finder had to resolve these disputes, the Panel could not treat the disputed retaliation finding as an independent basis to negate the *Elrod* rule without any discussion. By resolving the factual disputes in FAMU's favor, the Panel overlooked *Stanley* and *Elrod*.

Second, the Panel further overlooked *Elrod v. Burns*, which held that "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury," 427 U.S. at 373–74. With the reason for Professor Smith's termination in dispute, FAMU had cited no other reason, among seven, for termination that rose to the level to pierce her tenure. Under Florida law and FAMU's own policies, a tenured professor may not be dismissed without cause. The disputed record, therefore, left *Elrod*'s finding of irreparable harm in every First Amendment case operative until it was shown the First Amendment claim failed.

Third, if the Panel's statement that "context matters" purported to substantively reject Professor Smith's claim, it overlooked *Mitchell v. Hillsborough Cnty.,* 468 F.3d 1276, 1284 (11th Cir. 2006). In *Mitchell*, this Court held that determining "[w]hether an employee's speech addresses a matter of public concern must be determined by the content, form, and context of a given statement, as

11

revealed by the **whole record**," and that "**content is undoubtedly** the most important factor." 468 F.3d at 1284 (emphasis added). By holding that "context matters" without further discussion and having omitted facts listed above, the Panel overlooked and overruled *Mitchell* to replace "context" as the most important factor in the analysis. That incorrect recitation of the law warrants rehearing to recalibrate the proper law.

Last, the Panel also overlooked precedent protecting speech that exposes unlawful government conduct. *See Tindal v. Montgomery County Commission*, 32 F.3d 1535 (11th Cir. 1994); *Cooper v. Smith*, 89 F.3d 761 (11th Cir. 1996); *Fikes v. City of Daphne*, 79 F.3d 1079 (11th Cir. 1996). Because Professor Smith exposed unlawful gender discrimination by a public university, her speech received heightened protection.

### D.    The Panel Overlooked Governing Law on Factual Disputes at the Preliminary Injunction Stage.

By concluding that reinstatement would not serve the public interest because students would be required to attend classes taught by a professor terminated for "improper conduct," (Op.9), the Panel overlooked precedent precluding resolution of factual disputes on which its decision rested since there was no evidentiary hearing. The parties disputed whether Professor Smith retaliated against a student, and she offered evidence that she did not. (*Supra* pg. 13–14).

12

It is well settled, when a preliminary-injunction turns on bitterly contested facts or credibility determinations, a district court **must** hold an evidentiary hearing. *All Care Nursing Serv.*, 887 F.2d at 1537–38 (emphasis added). A hearing is deemed unnecessary only when there are no material facts in dispute and no credibility issues. *Four Seasons Hotels*, 320 F.3d at 1211–12.

Here, the asserted basis for termination was disputed and the record overwhelmingly supported Professor Smith. (*Supra* pg. 13–14). The evidence, *supra* pg. 13–14 coupled with FAMU's ever-changing reasons for her termination, (Doc. 151 ¶ 129) (retaliation, rivalry with another professor, totality of circumstances, inappropriate with students, inappropriate with at least one student), eliminated any good faith reliance on the alleged reason. Nevertheless, the Panel instead treated FAMU's finding of retaliation as an established fact when no evidentiary hearing occurred. It is not.

FAMU itself provided the most powerful evidence—its three-member-lawyer-panel report containing a unanimous exoneration of Professor Smith. (Doc. 151 ¶¶ 110-112). The Panel's factual background omits that finding. Yet the court credited FAMU's contested claim that Professor Smith was terminated for "improper conduct," rejected her evidence of pretext, and treated these disputed points as dispositive of irreparable harm and the public interest, all without requiring

13

the district court to have held a hearing in direct conflict with *All Care* and *Four Seasons*. Panel rehearing is warranted.

As a final point, the Panel overlooked the possibility of a narrower injunction restoring research and service duties while the factual dispute is litigated. *See Warren v. DeSantis*, 90 F.4th 1115, 1139 n.10 (11th Cir. 2024) (explaining that reinstatement is a viable option to remedy First Amendment violations), *vacated as moot* in 125 F.4th 1361 (11th Cir. 2025). Panel rehearing and rehearing en banc is warranted.

### E.     The Panel Overlooked Facts and Law that Demonstrated Irreparable Harm Can Exist From Reputational Injuries.

The Panel overlooked Professor Smith's undisputed facts and misstated facts supporting FAMU as undisputed, which is contrary to *Ferrero v. Associated Materials Inc.*, 923 F.2d 1441, 1449 (11th Cir. 1991); *Spiegel v. City of Houston*, 636 F.2d 997, 1001 (5th Cir. 1981); *Yorktown Sys. Group v. Threat Tec LLC*, 108 F.4th 1287, 1296 (11th Cir. 2024). Those cases recognize that reputational harm can be irreparable; the Panel overlooked that.

Here, the Panel described Professor Smith as terminated for "improper conduct" involving retaliation against a student. (Op.9). That characterization is belied by the record, FAMU offered seven different "alleged" reasons for Professor Smith's termination. (Doc. 151). And FAMU's three-member-lawyer-panel found

the retaliation reason unsubstantiated. Even at the preliminary-injunction stage, whatever reason remains just that an "alleged" reason until the case is resolved.

By adopting and republishing FAMU's contested narrative without acknowledging FAMU's three-member-lawyer-panel's rejection of that finding, the courts have empowered employers to act as kings. As a matter of exceptional importance, when employers terminate employees for "alleged" misconduct that termination decision must be subject to judicial review without being cloaked—as the Panel has done—with an irrebuttable presumption of correctness. Back pay cannot de-index a federal court opinion from search engine queries, retract unsupported characterizations of professional misconduct, or restore the standing that further media publication of disputed narratives have already cost litigants. Only reinstatement—a preliminary pause or return to the status quo ante—can counteract the reputational harm caused. *Ferrero*, 923 F.2d at 1449 ("Reputational injury is a classic form of irreparable harm that cannot be remedied by monetary damages."); *Spiegel*, 636 F.2d at 1001 ("The injury to one's reputation and professional standing is irreparable and cannot be compensated by damages."); *Yorktown*, 108 F.4th at 1296. Because the Panel overlooked *Ferrero, Spiegel,* and *Yorktown*, panel rehearing is warranted.

## II.    Rehearing En Banc is Warranted to Maintain Uniformity of Precedent and Avoid a Circuit Split

En banc is warranted here for both reasons recognized by Fed.R.App.P. 40.

15

First, the Panel's reliance on *Van Arsdel* overrules and is contrary to earlier binding precedent holding that irreparable harm is "presumed" when the federal anti-discrimination law authorizes an injunction. *Hayes*, 415 F.2d at 1045. It is also irreconcilable with *E.E.O.C. v. White & Son Enterprises*, because the Panel declares EPA violations do not establish "a fortiori" Title VII violations. 881 F.2d at 1011.

Second, the Panel opinion creates a "time of filing" rule that is irreconcilable with *Barber*, which established that the pleading operative at the "time of the decision" dictates the scope of relief for a preliminary injunction. 73 F.4th at 1316 n.16. And *Royal Canin*, held that the "time of filing" rule only applies to jurisdiction rather than scope of claims in amended pleadings. 604 U.S. at 35 (reiterating that an amended pleading supersedes the earlier pleading and that "changes in parties, or changes in claims, effectively remake the suit."); *see also Dresdner Bank AG*, 463 F.3d at 1215; *Lowery*, 483 F.3d at 1219-20.

Third, the Panel's categorical bar under *Van Arsdel* is irreconcilable with Supreme Court precedent in *Elrod v. Burns*, which held that "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." 427 U.S. 347 (1976). It is also irreconcilable with *Mitchell v. Hillsborough Cnty.*, which declared that "[c]ontent is undoubtedly the most important factor" in the *Connick* analysis, unlike the Panel's finding that only "context matters." 468 F.3d at 1284.

Fourth, the Panel's Opinion is irreconcilable with *Stanley v. City of Dalton, Ga.*, 219 F.3d 1280 (11th Cir. 2000), *All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp.*, 887 F.2d 1535 (11th Cir. 1989), and *Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205 (11th Cir. 2003), because it resolves factual disputes in favor FAMU as the nonmoving party and defers to district court findings of fact that were resolved without an evidentiary hearing.

En banc review is necessary because the Panel's categorical rule from *Van Arsdel* creates an express conflict with authoritative decisions of the Ninth and Sixth Circuits, which have rejected the categorical rule and found irreparable harm when an employee is excluded from meaningful professional work, suffers a lost opportunity, or severe reputational harm. *See Howe*, 723 F.3d at 662 (finding irreparable harm because "[p]laintiffs here have much more invested in their careers," will suffer from "promotion delays," and face "significant disadvantage."); *Chalk*, 840 F.2d at 709 (irreparable harm found— teacher's loss of job satisfaction and emotional distress); *Heineke*, 736 F. App'x at 624 ("**The district court therefore abused its discretion by ... creat[ing] a per se rule for all employment cases—that reputational damage, lost opportunity, and emotional distress caused by a suspension or termination cannot constitute irreparable harm**[.]")(citing *Chalk*) (emphasis added). Rehearing en banc is therefore necessary to avoid a circuit split.

17

## CONCLUSION

The Court should grant panel rehearing, vacate the unpublished opinion, and reconsider the appeal under the proper standards. On rehearing, the Court should at least remand for the preliminary-injunction motion to be promptly evaluated against the CSAC at an evidentiary hearing as required by this Court's precedent, and reverse the costs ordered against Professor Smith.

Alternatively, the Court should grant rehearing en banc.


Dated: <u>April 26, 2026</u>                    <u>*/s/ Jennifer Smith*</u>

Jennifer Smith
Florida Bar No. 964514
LAW OFFICE OF JENNIFER SMITH
13506 Summerport Village
Pkwy., Suite 108
Windermere, FL 34786
407-455-0712 (phone)
jensmithesq@aol.com
jensmithesq@yahoo.com

18

## CERTIFICATE OF COMPLIANCE

I hereby certify that this document complies with the type-volume limitation set forth in Federal Rule of Appellate Procedure 40(d)(3) because it contains no more than 3,900 words, excluding the parts of the document exempted by Eleventh Circuit Rule 40-3(a), (b), (c), and (i). This document also complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(c)(2), Eleventh Circuit Rule 28-1(a) because it has been prepared in a proportionally spaced typeface using standard word-processing software.

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. App. P. 25(d) and 11th Cir. R. 28-1, I hereby certify that on April 26, 2026, I filed the foregoing document via the Court's CM/ECF system, which will serve it on opposing counsel.

/s/ Jennifer Smith
Jennifer Smith